**FILED**

**May 16, 2017**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:06 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Victor Magadan, | ) Docket No. 2016-06-2107 |
| Employee, | ) |
| v. | ) |
| JS Gardening, LLC, | ) State File No. 19824-2016 |
| Employer, | ) |
| And | ) |
| Auto Owners Insurance Company, | ) Judge Kenneth M. Switzer |
| Carrier. | ) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This case came before the undersigned Workers' Compensation Judge on May 11, 2017, on Mr. Magadan's Request for Expedited Hearing. The present focus of this case is his entitlement to additional medical benefits for injuries he sustained in a fire at work.[1] JS Gardening does not contest that the fire occurred or that Mr. Magadan suffered burns from it but disputes the circumstances of his injury and whether the event caused the need for medical treatment he now seeks relative to his eyes, ears and knee. For the reasons set forth below, the Court holds Mr. Magadan satisfied his burden, at this stage, to show he suffered an injury by accident arising primarily out of and in the course and scope of employment and grants additional medical benefits for treatment of his vision and hearing problems but denies his request for additional treatment of his knee.

### History of Claim

Mr. Magadan speaks Spanish exclusively. He participated in the Expedited Hearing with the assistance of a state-certified court interpreter.

---

[1] Mr. Magadan's entitlement to temporary disability benefits is also checked as an issue on the Dispute Certification Notice. However, Mr. Magadan offered no proof or argument on the issue at the Expedited Hearing. Therefore, the Court considers the request waived at this time, but Mr. Magadan may raise it as an issue at a later date.

1

Mr. Magadan worked as a lawn care technician for JS Gardening. On March 4, 2016, he and others were cutting and clearing brush from a hillside and were instructed to burn the debris. Mr. Magadan explained that, because it rained often in the days before the accident, the crew used diesel and gasoline to ignite and fuel the flames, creating a large fire. He testified it was near the end of the workday and he was carrying a gas can in his right hand and a blower in his left hand. He was walking approximately twenty feet away from the fire, when a sudden gust of wind blew flames in his direction and ignited the gas can, engulfing him in flames. Mr. Magadan tripped, fell and rolled on the ground to extinguish the flames. He felt burning all over his body, including his eyes and ears. He testified he felt his eyelashes burning and afterward, his vision became "clouded and foggy." Mr. Magadan suffered burns principally to his hands and face.

Mr. Magadan testified a co-worker, whom he did not identify, took him to Southern Hills Medical Center for emergency care contrary to JS Gardening's instruction that he see providers at a clinic. His co-worker spoke with providers. Mr. Magadan's son, David, then eight years old, also accompanied him to hospital, acting as his interpreter. David testified providers did not ask him what happened. Mr. Magadan spoke to the providers through his son and informed them he was in pain and his entire body hurt. Notes from the encounter document a diagnosis of first- and second-degree burns. (Ex. 2 at 8.) The history states, "'I was working and there was a fire in the trash can, when I got close, the flames went up all around me,'" and, "Thermal burn, fire in a garbage can flashed up . . . [causing] burns across face and bil[ateral] hands and wrists[.]" *Id.* at 13, 1. Mr. Magadan denied he gave a history involving a garbage can. The notes further state, "First degree burns noted to pt face, singed eyebrows bilaterally . . . 1st degree burns noted to bil[ateral] ears." *Id.* at 16. The Southern Hills providers released him on the same day. Mr. Magadan introduced photographs into evidence of the burns as they appeared while receiving treatment at Southern Hills and afterward at home over the next two weeks or so. (Ex. 12.)

JS Gardening initially denied the claim but afterward sought medical evaluations of Mr. Magadan's injuries, offering him several panels over the coming weeks. Mr. Magadan chose Vanderbilt Burn Center as his authorized treating physician for the facial and hand burns, which treatment he received.

For his hearing loss, Mr. Magadan selected Dr. David Fortune, who ultimately assigned a one-percent whole-body impairment rating but also indicated that Mr. Magadan was not at maximum medical improvement. (Ex. 2 at 26-27.) Dr. Fortune's notes state, "On March 4th, patient was burning brush and had a tank of gasoline in his right hand when the tank exploded. . . . Since the explosion, patient complains of right ear pain and hearing loss/tinnitus in both ears." *Id.* at 24. The notes further indicate that Mr. Magadan denied any hearing loss prior to the accident, as well as a family history of hearing loss. *Id.*

2

Mr. Magadan chose Dr. Ira Shivitz for his vision problems. The only records of this treatment indicate Dr. Shivitz saw him once in May, diagnosing bilateral stationary peripheral pterygium, pinguecula of the left eye and moderate conjunctivitis. *Id.* at 22. Dr. Shivitz's history provides, "gas can blew up in patients [sic] face in the right eye and left eye. . . . the condition is associated with was on fire." *Id.* at 18. Dr. Shivitz instructed Mr. Magadan to return in three weeks, but there are no office notes in the record indicating whether this occurred.[2] *Id.* at 22.

Ultimately, JS Gardening additionally offered a panel of orthopedists, and Mr. Magadan chose Dr. Joseph Wieck, whom he saw in August. Dr. Wieck noted, "He injured his knee at work when a gasoline container he was carrying exploded." *Id.* at 30. He diagnosed acute right-knee pain and right-hand pain, ordered x-rays, and an MRI of the knee. *Id.* at 31-32. The insurance adjuster sent Dr. Wieck a letter in October asking, "In your medical opinion and to a reasonable degree of medical certainty, did the alleged March 4, 2016 accident contribute more than 50 percent in causing the degenerative tear to the medial meniscus with associated para meniscal cyst identified on the MRI, considering all causes?" Dr. Wieck checked "no." (Ex. 10.) JS Gardening filed a Notice of Controversy afterward, arguing that the right-knee injury is not work-related. (Ex. 11.) However, the notice is silent regarding Mr. Magadan's hearing loss and vision problems.

Mr. Magadan filed a Request for Expedited Hearing with an accompanying affidavit indicating he still suffers pain and redness in his eye and is very light-sensitive. He testified that his knee is still painful as well and it is difficult to walk longer than thirty minutes to an hour, making it hard to work. Mr. Magadan stated he paid for bandages and medications relative to the past treatment, but bills for the treatment remain unpaid. However, he introduced no bills or receipts regarding these sums.

## Findings of Fact and Conclusions of Law

As in all workers' compensation actions, Mr. Magadan, as the employee, has the burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Applying these general legal principles to the facts of this case, the Court first considers whether Mr. Magadan sustained an injury as that term is defined under the Workers' Compensation Law. The Court finds Mr. Magadan sustained burns to his

---

[2] Mr. Magadan denied signing the Choice of Physician Forms selecting Vanderbilt and Dr. Shivitz but acknowledged receiving treatment from these authorized providers.

hands and face from a brush fire ignited at work on March 4, 2016. He credibly testified and offered sufficient detail regarding the incident, including that it was late in the workday, that he carried a gas can and blower at the time, and that the flames spread from approximately twenty feet away. He never wavered in his description of the circumstances of the injury, either in his direct testimony or upon thorough cross-examination. JS Gardening offered no affidavits or live-witness testimony to contradict Mr. Magadan's version of events. Instead, it relied upon medical records from the emergency room stating that he became burnt from a fire in a garbage can. The Court finds as a factual matter that the language barrier and interpretation offered by an eight-year-old boy played a sizeable role in providers documenting an incorrect history. Moreover, notes from the authorized providers corroborate Mr. Magadan's version of the story. The Court holds Mr. Magadan sustained an injury by accident in the course and scope of his employment.

Turning now to causation, at an expedited hearing, "a trial court may grant relief if the court is satisfied that an employee has met the burden of showing that he or she is likely prevail at a hearing on the merits." *Buchanan v. Carlex Glass Co.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Id.* Further, the Appeals Board recently explained:

> A physician need not use particular words or phrases included in the statutory definition of "injury" to establish the requisite medical proof to succeed at trial. Thus, a physician may render an opinion that meets the legal standard espoused in section 50-6-102(14) without couching the opinion in a rigid recitation of the statutory definition. What *is* necessary, however, is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied.

*Panzarella v. Amazon.com, Inc., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS ___, at slip op. 7 (May 15, 2017)(emphasis in original).

Here, while the records from Drs. Fortune and Shivitz do not contain direct statements on causation, the Court finds the Southern Hills records document that Mr. Magadan sustained an injury to both his eyes and ears and further noted his singed eyebrows and first-degree burns to his ears. Moreover, the post-accident photographs show redness in both eyes. Having carefully weighed all the evidence at this expedited hearing stage of the case, the Court holds Mr. Magadan came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits that his eye and

4

ear injuries arose primarily out of and in the course and scope of employment with JS Gardening.

However, the Court reaches a different conclusion regarding the knee injury. Here, JS Gardening offered a panel from which Mr. Magadan selected Dr. Wieck to evaluate his knee, so that Dr. Wieck became the authorized treating physician; *see* Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2016). The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians, is rebuttably presumed correct on the issue of causation. *Id.* at § 50-6-102(14)(E). Dr. Wieck stated in the letter to the adjuster that the accident did not contribute more than 50 percent in causing "the degenerative tear to the medial meniscus with associated para meniscal cyst identified on the MRI." Mr. Magadan offered no contrary medical opinion. Thus, the Court holds Mr. Magadan did not come forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits that his knee injury arose primarily out of and in the course and scope of employment with JS Gardening.

Turning now to the requested relief, the Workers' Compensation Law requires the employer to furnish, free of charge, medical treatment made reasonably necessary by the accident. *See Id.* at § 50-6-204(a)(1)(A). JS Gardening provided authorized medical care with the Vanderbilt Burn Center and Drs. Fortune, Shivitz and Wieck. The burns appear to have healed, and as previously explained, Dr. Wieck concluded that no causal link exists between the accident and the knee condition. However, Dr. Fortune wrote that Mr. Magadan is not at maximum medical improvement yet, while Dr. Shivitz recommended a follow-up three weeks after the initial appointment. Further, Mr. Magadan credibly testified that his eye pain, redness and sensitivity to light remain. The Court holds Mr. Magadan is entitled to additional medical benefits with Drs. Fortune and Shivitz. JS Gardening shall provide this ongoing treatment, free of charge. It shall likewise satisfy any unpaid balances owed relative to past authorized care.

Finally, although Mr. Magadan seeks an order that JS Gardening pay for the Southern Hills treatment and medications, on this record, the Court is presently unable to do so, as he introduced no medical bills into evidence. This does not prevent Mr. Magadan from seeking this relief at a later hearing or at the final compensation hearing with the appropriate evidence.

**IT IS, THEREFORE, ORDERED** as follows:

1. JS Gardening or its carrier shall reinitiate medical treatment with Drs. Shivitz and Fortune. Mr. Magadan or the providers shall furnish medical bills to JS Gardening for prompt payment. JS Gardening or its carrier shall immediately pay any outstanding sums owed for past authorized treatment.

2. This matter is set for a Scheduling Hearing on **July 3, 2017, at 8:45 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation. The Court recommends that Mr. Magadan arrange for the services of an interpreter at the hearing.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 16th day of May, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit
2. Medical records
3. FROI
4. Choice of Physician, Vanderbilt Burn Center
5. Denial notice
6. Wage statement
7. Choice of Physician form, Dr. Shivitz
8. Choice of Physician form, Dr. Fortune
9. Choice of Physician, Dr. Wieck
10. Causation letter
11. Notice of Controversy
12. Photographs of Mr. Magadan's injuries

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer and Insurer's Pre-Hearing Brief

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of May, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Victor Magadan, Self-represented Employee | X | | | Taylorana11@bellsouth.net; 104 Fannin Dr. Lot H, Goodlettsville TN 37072 |
| Michael Haynie, Employer's Counsel | | | X | mhaynie@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7